**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No._____

MICHELLE CLIFTON, individually, TAEGEN CLIFTON, a minor, by and through her next friends and natural parents, Michelle Clifton and Kenny Clifton, KEALAN CLIFTON, a minor, by and through his next friends and natural parents, Michelle Clifton and Kenny Clifton

Plaintiffs,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY

Defendant.

**NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1332(a), 1441, and 1446, defendant State Farm Mutual Automobile Insurance Company ("State Farm"), by and through its undersigned counsel Messner Reeves LLP, respectfully files this Notice of Removal of the above-captioned action from the La Plata County, Colorado District Court to the U.S. District Court for the District of Colorado.

Federal diversity jurisdiction exists under 28 U.S.C. § 1332(a) because of a complete diversity of citizenship between plaintiffs and defendant, and because the amount in controversy exceeds $75,000, exclusive of interest and costs. State Farm states the following grounds for removal:

## I. INTRODUCTION

1. On April 16, 2018 plaintiffs Michelle Clifton, individually; Taegen Clifton, a minor, by and through her next friends and natural parents, Michelle Clifton and Kenny Clifton; and Kealan Clifton, a minor, by and through his next friends and natural parents, Michelle Clifton and Kenny Clifton filed this present lawsuit against State Farm Mutual Automobile Insurance Company in the District Court for La Plata County, Colorado, Case Number 2018CV30052. A copy of the Complaint is attached hereto as **Exhibit A**. A copy of the Civil Case Cover Sheet is attached hereto as **Exhibit B**.

2. State Farm was never formally served with the Complaint, but on April 19, 2018 was made aware it had been filed.

3. State Farm's Notice of Removal is filed within the time limits of 28 U.S.C. § 1446(b)(3) as it is filed within thirty days of State Farm's notice of the Complaint on April 19, 2018.

4. State Farm has not yet filed its answer or other response to the Complaint, but will do so in this court in the time period required by F.R.C.P. 81(c)(2) or any applicable court orders.

5. Pursuant to 28 U.S.C. § 1446(d), a copy of this notice of removal is being contemporaneously filed with the clerk of the District Court for La Plata County, Colorado and a copy has been served on plaintiffs as indicated on the attached certificate of service. A copy of the notice to the La Plata County District Court is attached hereto as **Exhibit C**.

6. Pursuant to 28 U.S.C. §1441, the United States District Court for the District of Colorado is the appropriate court for filing a Notice of Removal from the District Court, City and County of La Plata, Colorado, where this action is pending, as the Complaint concerns a fire that

occurred in Colorado.

## II. DIVERSITY OF CITIZENSHIP EXISTS

7. Pursuant to the allegations of the Complaint filed in the District Court for La Plata County, Colorado, Case Number 2018CV30052, plaintiffs are residents of La Plata County, in the State of Colorado. *See* **Exhibit A**, **¶ 1**.

8. For diversity purposes, "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(l). Defendant State Farm is and was at the commencement of this action an Illinois corporation with its principal place of business in Illinois. *See* **Exhibit D-1**, Certificate of Good Standing from the Office of the Secretary of State, State of Colorado, indicating that State Farm is an Illinois Corporation, and **Exhibit D-2**, Restated Articles of Incorporation of State Farm Mutual Automobile Insurance Company, stating that State Farm's principal place of business is in Illinois. *See also Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010) (a corporation's "principal place of business" is "the place where a corporation's officers direct, control, and coordinate the corporation's activities.")

9. The plaintiffs and defendant are citizens of different states. As such, complete diversity of citizenship exists between the parties.

## Ill. THE AMOUNT IN CONTROVERSY EXCEEDS $75,000

10. A federal Court has diversity jurisdiction when there is complete diversity of citizenship among the parties and the amount in controversy, exclusive of interest and costs, exceeds $75,000.00. *Stuart v. Colo. Interstate Gas Co.,* 271 F.3d 1221, 1224 (10th Cir. 2001). Generally, the amount in controversy may be determined by the allegations

contained in the complaint or, if not dispositive, by the allegations in the Notice of Removal. *Laughlin v. K-Mart Corp.,* 50 F.3d 871, 873 (10th Cir. 1995); *Martin v. Franklin Capital Corp.,* 251 F.3d 1284, 1290 (10th Cir. 2001). Additionally, the Colorado state court civil cover sheet is sufficient to establish the amount in controversy exceeds the jurisdictional amount when plaintiffs or their attorneys represent the amount at issue exceeds $100,000. *See Paros Props. LLC v. Colo. Cas. Ins. Co.*, 835 F.3d 1264, 1272-73 (10th Cir. 2016).

11. In the present matter, plaintiffs allege that on or about September 17, 2014, they were involved in a car accident involving two other cars, which caused plaintiffs to suffer various injuries and damages and entitles them to underinsured motorist ("UIM") benefits under a policy State Farm had issued. *See generally* **Exhibit A**. Plaintiffs further allege that State Farm paid only some UIM benefits to each of Ms. Clifton and the Cliftons' two minor children, but improperly denied paying additional UIM benefits to each of them, including: (1) $83,071.52 to Ms. Clifton; (2) $91,798.24 to Taegen Clifton; and (3) $8,142.56 to Kealan Clifton. *See id.* ¶¶ 63-68. Thus, plaintiffs seek to recover a total of $183,012.32 in UIM benefits.

12. Additionally, plaintiffs' counsel indicated on the civil cover sheet filed with the Complaint that the amount at issue exceeds $100,000, which is sufficient by itself to establish the amount in controversy for purposes of diversity jurisdiction. *See Paros Props.*, 835 F.3d at 1272-73; **Exhibit B**.

13. The allegations in the Complaint and the civil cover sheet demonstrate that the amount in controversy exceeds $75,000.00, exclusive of interest and costs. Therefore, this court has jurisdiction under 28 U.S.C. § 1332(a).

14. Pursuant to D.C.COLO.LCivR 81.1, copies of all process, pleadings, and orders are attached and filed with this notice. They are as follows:

Complaint, attached as Exhibit A;

District Court Civil Case Cover Sheet, attached as Exhibit B;

Defendant's Notice of Removal filed in La Plata County District Court, attached as Exhibit C;

Certificate of Good Standing from the Office of the Secretary of State, State of Colorado, indicating that State Farm is an Illinois Corporation, attached as Exhibit D-1;

Restated Articles of Incorporation of State Farm Mutual Automobile Insurance Company, attached as Exhibit D-2; and

State Court Register of Actions is attached as Exhibit E.

## IV. CONCLUSION

Based on the foregoing, State Farm Mutual Automobile Insurance Company has demonstrated that removal of this matter to the U.S. District Court for the District of Colorado is proper because complete diversity of citizenship exists between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

State Farm states that no waiver and no admission of fact, law, or liability, including without limitation, the amount of damages, if any, is intended by this Notice of Removal, and all defenses, affirmative defenses, and rights are hereby reserved.

WHEREFORE, defendant, State Farm Mutual Automobile Insurance Company respectfully requests that the U.S. District Court for the District of Colorado assume

jurisdiction of this case and issue such further orders and processes as may be necessary.

Dated this 18th day of May, 2018.

                                      MESSNER REEVES LLP

                                      */s/ Nathaniel Scott Barker*
                                      Heather A. Salg
                                      Nathaniel Scott Barker
                                      *Attorneys for Defendant State Farm Mutual Automobile Insurance Company*

## CERTIFICATE OF SERVICE

I hereby certify that on May 18, 2018, the foregoing **NOTICE OF REMOVAL** was filed via the ECF filing system and was served on the following via email:

R. Nicholas Palmer
R. NICHOLAS PALMER,
ATTORNEY AT LAW, LLC
2855 Main Ave., Suite B-101
Durango, CO 81301
nick@npalmerlaw.com

John G. Taussig III
Scott D. Smith
TAUSSIG & SMITH
5377 Manhattan Circle, Suite 203
Boulder, CO 80301
jt@taussigsmith.com
scott@taussigsmith.com
*Attorneys for Plaintiffs*

                                      */s/ Becky Guinn*
                                      Becky Guinn